%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HUNTER, NATHANIEL

**DEFENDANTS**
CITY OF PHILADELPHIA

(b) County of Residence of First Listed Plaintiff  **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1845 Walnut Street, Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 9/7/2011
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
Patrick G. Geckle, Esquire

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7084 Ruskin Lane, Upper Darby, PA 19082

Address of Defendant: One Parkway Bldg., Claims Unit, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction: 334 North Robinson Street, Philadelphia, PA 19139-1124
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Patrick G. Geckle, Esquire, _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/7/2011   _____   26718
                 Attorney-at-Law       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/7/2011   _____   26718
                 Attorney-at-Law       Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NATHANIEL HUNTER | : | CIVIL ACTION |
| v | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| 9/7/2011 | Patrick G. Geckle | Nathaniel Hunter |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATHANIEL HUNTER                              :
7084 Ruskin Lane                              :
Upper Darby, PA 19082                         :
                                              :
        vs.                                   :
                                              :
CITY OF PHILADELPHIA                          : Civil Action No.
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
        and                                   :
POLICE OFFICER DANIEL MASON                   : JURY TRIAL DEMANDED
BADGE NUMBER 4662                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
        and                                   :
POLICE OFFICER CHRISTOPHER LANTZ              :
BADGE NUMBER                                  :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   : Attorney ID # 26718

**COMPLAINT**

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, Nathaniel Hunter, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officer Mason and Police Officer Lantz.

4. Defendant, Police Officer Daniel Mason, Badge Number 4662, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

5. Defendant, Police Officer Christopher Lantz, Badge Number    , is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

6. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Nathaniel Hunter of his constitutional and statutory rights.

**Factual Allegations**

7. On or about Monday, April 5, 2010, Plaintiff, Nathaniel Hunter, was walking over to his girlfriend's home after work. Mr. Hunter stopped to talk with some kids he knew on the 300 block of North Robinson Street,

Philadelphia, Pennsylvania. More specifically, he was standing in front of a home at 334 North Robinson Street talking with the kids. The Plaintiff was wearing a white kameese (an Islamic religious garment), a black stocking cap, a kifiyah (scarf), and tan work pants.

8. While standing at the above location, a marked Philadelphia police vehicle pulled up at a location near where the Plaintiff was standing. Two Philadelphia police officers, Defendant Officer Lantz and Defendant Officer Mason exited the vehicle.

9. Defendant Officer Mason approached the Plaintiff with his service weapon drawn and pointing it directly at Plaintiff and screamed at Plaintiff and the other individuals "Nobody fucking move". As the Police Officers approached the Plaintiff, he heard a call come over police radio. The radio call was flash information concerning a "tall black male wearing a black tee shirt with long pants and a book bag."

10. The Defendant Police Officers approached the Plaintiff, had him turn around and place his hands on the porch of 334 North Robinson Street. Defendant Police Officers Lantz and Mason without probable cause, reasonable suspicion, or any reason whatsoever subjected the Plaintiff to a stop and frisk.

11. When Plaintiff inquired why he was being searched,

Defendant Officer Lantz exclaimed "Well, he [another bystander] has a black shirt on and you have a book bag." Plaintiff, Nathaniel Hunter, again asked why he was being searched. The Police Officers became more aggressive towards Mr. Hunter after this second inquiry. Defendant, Police Officer Lantz, continuously shoved Mr. Hunter against the stone porch face first, while threatening to lock Mr. Hunter up. Defendant, Police Officer Mason, got in a few body shots on Mr. Hunter before extending his left arm straight back into an aggressive arm hold.

12. Defendant, Police Officer Mason, then chicken-winged the Plaintiff while placing handcuffs on him. While Police Officer Mason was handcuffing Plaintiff, Police Officer Lantz became angry with Mr. Hunter and slammed his face into a stone pillar on the porch of 334 North Robinson Street. After Plaintiff, Nathaniel Hunter, was placed in handcuffs, Police Officer Lantz performed yet another search while Police Officer Mason held the Plaintiff up by his arms. The second search was performed without any reasonable suspicion or probable cause that Plaintiff had committed or was committing any crime.

13. The second unconstitutional search of Mr. Hunter by Defendant, Police Officer Lantz, uncovered a small caliber gun. The gun was found after Mr. Hunter had be physically restrained by Officer Mason and was also

handcuffed. Upon finding the gun, while the Plaintiff was handcuffed with his hands behind the back, Defendant Police Officer Lantz violently, maliciously, and with reckless indifference struck the Plaintiff at least two times in his face with the gun. Defendant, Police Officer Lantz, called Mr. Hunter a derogatory name each time he punched him. After the physical assault to Mr. Hunter's face, Defendant Police Officer Mason body slammed the handcuffed and subdued Plaintiff to the ground face first.

14. After the assault with the gun, Defendant Police Officer Lantz put his knee on Plaintiff's neck and head. After a few seconds, while Plaintiff was still handcuffed and not resisting; Defendant, Officer Mason, picked Plaintiff up, walked him over to the police car, and then maliciously slammed his body on the back of the police car smashing his face on the rear window.

15. After the above transpired, Plaintiff was transported to the 19th District at 61st and Thompson Street.

16. After a period of time at the 19th District, Plaintiff was then transported to the 18th District Headquarters at 55th and Pine. While at the police station at 55th and Pine, a female officer noticed that Plaintiff was injured and told Defendant Officers Mason and Lantz that their prisoner was injured and needed to be taken to the

hospital.

17. However, rather than take Plaintiff to the hospital, they took him back to their patrol car, placed him in the back of the car and forced him to sit in the patrol car, handcuffed behind his back, for approximately an hour.

18. Finally, two other Philadelphia police officers from the 19th District finally arrived to take the Plaintiff to Mercy Hospital emergency room. After being seen at the Mercy Hospital emergency room, Plaintiff was transported back to the 18th District Police Station where he was processed and then transported to Curran-Fromhold Correctional Facility where he spent approximately two days incarcerated.

19. At no time while the above events transpired did Plaintiff, Nathaniel Hunter, act in anyway which could be considered aggressive or threatening towards the Defendant police officers or to any other individuals. At no time during the above described events did Plaintiff, Nathaniel Hunter, act in anyway which would have caused the Defendant police officers to believe that Mr. Hunter was any kind of a threat to them or to himself or to any other individuals.

20. Defendant Police Officers Lantz and Mason caused the following criminal charges to be filed against the Plaintiff. Possession of a firearm; firearms not be carried without a license; carry firearms in public; resisting

arrest; possession of an instrument of a crime.

21. All of the above mentioned charges were filed without probable cause and done maliciously, willfully, wantonly and recklessly in that Defendant Officers Lantz and Mason knew them to be false.

22. All of the above mentioned criminal charges lodged against the Plaintiff were dismissed.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

23. Plaintiff, Nathaniel Hunter, incorporates by reference paragraphs 1 through 22 of the instant Complaint.

24. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff, Nathaniel Hunter, was deprived of his right to be free from unreasonable and excessive force, an unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law. As a result, Plaintiff, Nathaniel Hunter, suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

25. As a direct and proximate result of the acts of all Defendants, Plaintiff, Nathaniel Hunter, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

26. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The use of unreasonable and excessive force and unlawful arrest by police officers;

    b. The proper exercise of police powers, including but not limited to the unreasonable and excessive use of force, unlawful arrest, malicious prosecutions, unconstitutional stops and searches and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e. Police officers' use of their status as

police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

f. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

27. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Plaintiff, Nathaniel Hunter.

28. Defendants have by the above described actions deprived Plaintiff, Nathaniel Hunter, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

29. Plaintiff, Nathaniel Hunter, incorporates by reference paragraphs 1 through 28 of the instant Complaint.

30. The acts and conduct of the Defendants in this cause of action constitute assault, battery, false

imprisonment, malicious prosecution, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiff, Nathaniel Hunter, requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff

_____
Michael Cortese,
Attorney I.D. No.: 307720
Patrick G. Geckle, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
E-Mail: mcortese@pgglaw.com
Counsel for Plaintiff